UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-80987-CV-BLOOM
17-80095-CR-BLOOM

WILLIE JUSTIN DAWKINS,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** is before the Court on Movant's *pro se* Motion Under 18 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, ECF No. [1], accompanied by a Memorandum of Law, ECF No. [1-2]. The Government filed a Response, ECF No. [6], and the Movant has not replied. The Court has reviewed the parties' submissions, the record in the case, the applicable law, and is otherwise duly advised. For the following reasons, the Motion is denied.

**I.     BACKGROUND**

"In December of 2017, a federal grand jury charged [Movant] with five counts of distributing a substance containing heroin and fentanyl, one count of distributing a substance containing heroin, one count of distributing a substance containing fentanyl, one count of distributing a substance containing a fentanyl analogue, and one count of possessing a firearm as a felon." *United States v. Dawkins*, 773 F. App'x 543, 544 (11th Cir. 2019) (per curiam) (citations omitted).[1]

---

[1] Movant's underlying criminal case is Case No. 17-cr-80095. Citations to the criminal docket are denoted "CR ECF No."

Movant "pled guilty to seven of the eight drug counts." *Id;* see also Plea Colloquy Tr., CR ECF No. [106]. Movant proceed to trial on Count 8 — knowing and intentional distribution of a controlled substance in violation of 21 U.S.C. section 841(a)(1) and 18 U.S.C. section 2 — and Count 9 — knowing possession of a firearm by a person previously convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. section 922(g)(1), 924(e) and 2 — of the Superseding Indictment, CR ECF No [45]; *see also Dawkins*, 773 F. App'x at 544. The jury returned guilty verdicts on both Counts. Verdict, CR ECF No. [74].

The Presentence Investigation Report (PSI) determined that Movant was an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e), because he had previously been convicted under Florida law of possession of cocaine with intent to sell, aggravated assault with a deadly weapon, and robbery. The PSI also concluded that, based on these same convictions, Movant was a career offender under the advisory guidelines.

Movant filed objections to the PSI, arguing that his Florida robbery conviction did not qualify as a predicate felony for either the ACCA enhancement or the career offender enhancement. CR ECF No. [88]. The Court determined Movant was subject to both enhancements and sentenced him to 210 months of imprisonment. *See* Judgment, CR ECF No. [96].

Movant appealed. On May 15, 2019, the Eleventh Circuit issued an opinion affirming his sentence. *See generally Dawkins*, 733 F. App'x 543.

## II. LEGAL STANDARD

A prisoner is entitled to relief under section 2255 if "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *See* 28 U.S.C. § 2255(a). If a court finds that a claim under section 2255

is meritorious, the court shall vacate the judgment and discharge the petitioner, grant a new trial, or correct the sentence. *Id.* To avoid procedural default on a section 2255 claim, "a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a section 2255 proceeding." *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011) (quoting *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004)). A procedural default may be excused if the defendant can demonstrate (1) cause and prejudice or (2) actual innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998).

### III. DISCUSSION

#### A. The merits of the Motion

In his timely-filed Motion, Movant alleges he is "actually, factually, and legally innocent pursuant to *United States v. Rehaif*, 139 S. Ct. [2191] (2019) of his 18 U.S.C. [sections] 922(g)(1) and 924(3) conviction." ECF No. [1-2] at 3 (italics added). Under *Rehaif*, "in a prosecution under . . . [section] 922(g) . . . , the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. To support his *Rehaif* claim, Movant claims the Government and/or the Court (1) incorrectly informed the jury that "the possession element was the only element that needed to be proven"; and (2) unlawfully omitted the "status element from [Movant's] indictment and jury instructions[.]" ECF No. [1-2] at 4. Movant argues the rule in *Rehaif* applies to his case retroactively. *See id.* at 5.

The Government opposes the Motion on three grounds, arguing: (1) "Movant's argument is procedurally barred because he did not raise his claim during trial or on appeal[,]" (2) "the Supreme Court's decision in *Rehaif,* is not retroactive and is inapplicable to [section] 2255 claims[,]" and (3) "the [Motion] is meritless because there was ample evidence to support Movant's knowledge of his

prohibited status, including his own stipulation before the jury to being a convicted felon." ECF No. [6] at 1.

As a preliminary matter, the record contradicts Movant's claim that the Court instructed the jury on only one element of his section 922(g) offense. At the conclusion of Defendant's and the Government's cases, the Court instructed the jury on the possession-of-a-firearm offense as follows:

> Possession of a firearm by a convicted felon been convicted of a felony offense to possess a firearm in or affecting interstate or foreign commerce. The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt: Number one, the Defendant knowingly possessed a firearm in or affecting interstate or foreign commerce; **and two, before possessing the firearm, the Defendant had been convicted of a felony, a crime punishable by imprisonment for more than one year.**

Jan. 23, 2018 Trial Tr., ECF No. [108] at 173:17–174:1 (emphasis added).

The Court now turns to the Government's arguments and first addresses the procedural bar. "A claim not raised on direct appeal is procedurally defaulted unless the petitioner can establish cause and prejudice for his failure to assert his claims on direct appeal." *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001) (citation omitted). "This rule generally applies to all claims, including constitutional claims." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004) (per curiam) (citations omitted). "A defendant can avoid a procedural bar only by establishing one of the two exceptions to the procedural default rule." *Id.* "Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error." *Id.* (citations omitted). Under the second exception, the defendant must show that he is "actually innocent." *Id.* at 1234-35 (citing cases).

"The 'cause' excusing the procedural default must result from some objective factor external to the defense that prevented the prisoner from raising the claim and which cannot be fairly attributable to his own conduct." *McCoy v. Newsome*, 953 F.2d 1252, 1258 (11th Cir. 1992) (citation

omitted). A movant may show cause "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel[.]" *Reed v. Ross*, 468 U.S. 1, 16 (1984). "In contrast, a claim is not novel when counsel made a conscious choice not to pursue the claim on direct appeal because of perceived futility, or when the building blocks of the claim were available to counsel." *United States v. Bane*, 948 F.3d 1290, 1297 (11th Cir. 2020) (citations omitted). Furthermore, "[a]ttorney error [during an appeal on direct review] that constitutes ineffective assistance of counsel is cause [to excuse a procedural default]." *Coleman v. Thompson*, 501 U.S. 722, 753-54 (1991); *see also Martinez v. Ryan*, 566 U.S. 1, 11 (2012) (citations omitted).

As noted, Movant argues his sentence was illegal under *Rehaif*, 139 S. Ct. 2191. In *Rehaif*, the Supreme Court held a conviction under section 922(g) requires the Government show both that the defendant knew he possessed a firearm *and* that he knew he belonged to a category of persons barred from possessing a firearm. *See id.* at 2195–2200.

The Government emphasizes Movant "stipulated to his felon status at trial and . . . never assert[ed] his knowledge issue now asserted for the first time on collateral review." ECF No. [6] at 5. Although Movant's case preceded *Rehaif* — meaning *Rehaif* was not available precedent at the time of Movant's appeal — the Government is correct Movant could have, but did not, raise legal argument at issue in *Rehaif* on direct appeal *See id.* at 5.

The Government relies on *Gayle v. United States*, No. 19-CV-62904, 2020 WL 4339359, at *4 (S.D. Fla. July 28, 2020), which the Court finds instructive. In *Gayle*, the movant—like Movant here—raised a knowledge-of-status argument based on *Rehaif*. *See id.* at *2. The Court found the claim procedurally barred even though it might have been futile at time of the movant's direct appeal, which also preceded *Rehaif*, explaining: "prior to *Rehaif*, courts routinely examined issues involving a knowledge-of-status requirement. As such, [the m]ovant's claim is not a new legal issue and does

not fall under the novelty exception. As such, [the m]ovant cannot establish 'cause' for the procedural default." *Id.* at *4 (internal citations omitted).

As in *Gayle*, Movant's *Rehaif* claim is not novel because the issue it presents was repeatedly and thoroughly litigated in the courts of appeals for decades. *See Bousley*, 523 U.S. at 622 (finding a claim was not novel because, "at the time of petitioner's plea, the Federal Reporters were replete with cases involving [the same] challenge[]" (citation omitted)); *see also Geter v. United States*, 534 F. App'x 831, 836 (11th Cir. 2013) (per curiam) ("It is well-settled that an attorney's failure to anticipate a change in the law will not support a claim of ineffective assistance of appellate counsel." (citing cases)).

Furthermore, while an attorney's errors on direct review may provide cause to excuse a procedural default, appellate counsel reasonably could have concluded that the issues he raised on appeal were stronger. *See generally Davila v. Davis*, 137 S. Ct. 2058, 2067 (2017) ("Declining to raise a claim on appeal . . . is not deficient performance unless that claim was plainly stronger than those actually presented to the appellate court." (citation omitted)). Eleventh Circuit precedent foreclosed both the *Rehaif* claim and the claims that counsel raised. *See Dawkins*, 773 F. App'x at 545–46 (rejecting the movant's challenges to his designation as an armed career criminal and career offender based on binding precedent); *United States v. Jackson*, 120 F.3d 1226, 1229 (11th Cir. 1997) (holding in 1997 that, under section 922(g), the government did not have to prove that the defendant knew he was a felon). Therefore, Movant cannot show that the *Rehaif* claim would have been plainly stronger than the claims counsel raised. Similarly unavailing is the argument that counsel deficiently failed to assert the *Rehaif* claim because it only could have increased movant's chances of success. *See Jones v. Barnes*, 463 U.S. 745, 753 (1983) ("A brief that raises every

colorable issue runs the risk of burying good arguments — those that[] . . . 'go for the jugular[.]'" (citation omitted)).

Finally, to the extent Movant alleges the omission of the status element from the Indictment was a jurisdictional defect, this argument fails. *See United States v. Stokeling*, 798 F. App'x 443, 446 (11th Cir. 2020) (per curiam) ("*Rehaif* clarified that a defendant's knowledge of his status as a felon is an element of the offense of being a felon in possession of a firearm, . . . but the omission of a *mens rea* element from an indictment does not divest the district court of subject matter jurisdiction to adjudicate a criminal case." (citation omitted).

Nor has movant shown actual innocence. "To establish actual innocence, [Movant] must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (citation and internal quotation marks omitted). "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Id.* (citation and internal quotation marks omitted). Thus, "[t]he habeas court must make its determination concerning the [movant's] innocence in light of all the evidence[.]" *Schlup v. Delo*, 513 U.S. 298, 328 (1995). Here, Movant stipulated at trial that he was a convicted felon. CR ECF No. [108] at 178–79. And although Movant never "actually [went] to state prison, . . . he [] spent four years in Palm Beach County Jail." Apr. 27, 2018 Sentencing Hr'g Tr., CR ECF No. [103] at 26. Thus, in light of all the evidence, Movant cannot show that he did not know he was a felon in September 2016. *See United States v. Moore*, 954 F.3d 1322, 1337–38 (11th Cir. 2020) (finding appellants' previous felony convictions tended to show appellants knew they were felons).

The Court next addresses the issue of retroactivity. The Government notes that in *In re Palacios*, 931 F.3d 1314 (11th Cir. 2019), the "Eleventh Circuit determined that *Rehaif*, does not apply retroactively to cases like this on collateral review." ECF No. [6] at 6. The Government is

correct. *See* 931 F.3d at 1315 ("Moreover, even if *Rehaif* had announced a new rule of constitutional law, as Palacios concedes in his application, it was not made retroactive to cases on collateral review by the Supreme Court." (citation omitted)).

Regarding evidence of Movant's felony status, the Court need not address this argument at length. As discussed above, Defendant stipulated that he had previously been convicted of a felony offense. *See* CR ECF No. [108] at 178–79.

Any remaining contentions, including Movant's claim under the Eighth Amendment, are wholly conclusory and, therefore insufficient for relief under section 2255 or *Strickland v. Washington*, 466 U.S. 668 (1984). *See Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) (section 2255 movant's allegations must satisfy the "heightened pleading requirement[s]" under Rule 2 of the Federal Rules Governing § 2255 Proceedings); *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) (per curiam) ("Conclusory allegations of ineffective assistance are insufficient." (citation omitted)).

### B. Evidentiary hearing

Movant is not entitled to an evidentiary hearing. "[T]he motion and the files and records of the case conclusively show that [movant] is entitled to no relief[.]" *See* 28 U.S.C. § 2255(b).

### C. Certificate of appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." *Id.* "A timely notice of appeal must be filed even if the district court issues a certificate of appealability." Rule 11(b), Rules Governing § 2255 Proceedings.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Upon consideration of the record as a whole, the Court concludes that no certificate of appealability shall issue.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [1]**, is **DENIED**.
2. No certificate of appealability shall issue.
3. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED.**
4. The Clerk of Court is directed to **CLOSE** this case.

Case No. 20-80987-CV-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 24, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record

**Willie Justin Dawkins**
16254-104
Coleman Medium
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 1032
Coleman, FL 33521
PRO SE