UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 17-cr-80095-BLOOM**

UNITED STATES OF AMERICA,

v.

WILLIE JUSTIN DAWKINS,

      Defendant.

_____/

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

**THIS CAUSE** is before the Court upon Defendant Willie Justin Dawkins' Motion for Compassionate Release or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. [124] ("Motion"). The Government filed a Response in Opposition, ECF No. [126]. The Court has carefully considered the Motion, the supporting and opposing submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, Defendant's Motion is denied.

## I.  BACKGROUND

On December 19, 2017, Defendant Willie Justin Dawkins was charged by Superseding Indictment with seven counts of distribution of a controlled substance between May 16, 2016, and September 21, 2016, in violation of 21 U.S.C. § 841(a)(1) (Counts 1-8); and one count of felon in possession of firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(e) and (2) (Count 9). ECF No. [45]. Defendant plead guilty to Counts 1-7; however, he proceeded to trial on Counts 8 and 9. On January 24, 2018, a jury found Defendant guilty of both Counts 8 and 9. *See* ECF No. [55], ECF No. 74.

Prior to sentencing, United States Probation issued a Presentence Investigation Report

("PSR"), which determined that Defendant was an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e), because he had previously been convicted under Florida law of possession of cocaine with intent to sell, aggravated assault with a deadly weapon, and robbery. The PSR also concluded that, based on those same convictions, Defendant was a career offender under the advisory guidelines. *See* U.S.S.G. § 4B1.1.

At sentencing, the Court adopted U.S. Probation's recommendation that Defendant be treated as an armed career criminal and career offender; however, the Court also gave Defendant a two-level reduction for acceptance of responsibility based on his guilty plea to Counts 1-7 of the Superseding Indictment. *See* ECF No. [103]. Therefore, the advisory guideline range for Defendant was 210 to 262 months. *See id.* at 19. The Court sentenced Defendant to 210 months incarceration. *See id.* at 33.

Defendant's instant *pro se* Motion seeks a reduced sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) based upon two primary grounds. First, Defendant argues that his health conditions, namely his asthma and heart conditions, warrant compassionate release. Second, in light of recent changes in intervening law, Defendant claims that if he was sentenced today, he would be subject to a substantially shorter sentence because (i) his eight drug offenses would be classified as one offense, (ii) he would no longer be considered an armed career criminal under the Armed Career Criminal Act ("ACCA") or a career offender under U.S.S.G. § 4B1.1, and (iii) because there would no basis to find him in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924. *See* ECF No. [124].

The Government responds that Defendant has failed to establish any legitimate basis for compassionate release. Regarding Defendant's health, the Government maintains that Defendant has failed to provide any evidence, let alone sufficient evidence, that his medical conditions are serious enough to warrant compassionate release. *See* ECF No. [126] at 6.

As for Defendant's claims that he has been subject to an unusually long sentence given the intervening changes in law, the Government contends that Defendant misinterprets the recent Eleventh Circuit and United States Supreme Court decisions. *See id.* at 7. The Government argues that since Defendant's convictions for aggravated assault and possession of cocaine still stand, Defendant continues to be an armed career criminal and career offender. *See id.* at 8. As such, the mandatory minimum and guideline range imposed at sentencing are still valid and appropriate. *Id.* Regarding Defendant's lack of knowledge that he could not possess a gun as a convicted felon, the Government maintains that Defendant has already raised that argument in prior post-conviction challenges, and the argument is now foreclosed. *See id.* at 8-9.

## II.   LEGAL STANDARD

### A.  18 U.S.C. § 3582(c)(1)(A)

"Generally, a court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Pubien*, 805 F. App'x 727, 729 (11th Cir. 2020) (quoting 18 U.S.C. § 3582(c)).

> "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." [*United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010)]. Section 3582(c) of Title 18 provides that the district court may not modify a defendant's imprisonment sentence except: (1) if the Bureau of Prisons files a motion and extraordinary or compelling circumstances warrant modification or if the defendant is at least 70 years old and has served 30 years in prison; (2) if the modification is expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if the defendant's original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission. 18 U.S.C. § 3582(c).

*United States v. Shaw*, 711 F. App'x 552, 554-55 (11th Cir. 2017); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009); *United States v. Diaz-Clark*, 292 F.3d 1310, 1316-18 (11th Cir. 2002). Thus, "[t]he law is clear that the district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *United States v. Rivas*, 800 F. App'x 742, 745 (11th Cir. 2020) (quoting *United States v. Puentes*, 803 F.3d 597,

605-06 (11th Cir. 2015)); *see also United States v. Llewlyn*, 879 F.3d 1291, 1296-97 (11th Cir.

2018) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

Defendant seeks compassionate release pursuant 18 U.S.C. § 3582(c)(1)(A). The relevant

portion of the statute provides that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if it finds that—
>
> (i)      extraordinary and compelling reasons warrant such a reduction….
>
> …
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A)(i).

To grant a defendant's request for a reduced sentence under § 3582(c)(1)(A), the Court

must: (1) find Defendant has exhausted his administrative remedies with the Bureau of Prisons

("BOP"); (2) conclude that extraordinary and compelling reasons warrant compassionate release

in this case; (3) weigh the relevant § 3553(a) factors; and find that (4) "such a reduction is

consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. §

3582(c)(1)(A)(i). The Eleventh Circuit has held any such reduction must be consistent with the

applicable policy statement, U.S.S.G. § 1B1.13. *United States v. Bryant*, 996 F.3d 1243, 1262

(11th Cir. 2021), *cert. denied*, 142 S. Ct. 583 ("In short, we hold that [§] 1B1.13 is an applicable

policy statement that governs all motions under Section 3582(c)(1)(A). Accordingly, district courts

may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent

with [§] 1B1.13."). Moreover, Defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that "a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that" compassionate release is warranted, but that, even where a defendant satisfies this burden, "the district court still retains discretion to determine whether a sentence reduction is warranted").

§ 1B1.13 of the Sentencing Guidelines lists the following extraordinary and compelling reasons: (1) the defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family circumstances; (4) sexual or physical abuse suffered by the defendant while serving the term of imprisonment sought to be reduced; (5) other circumstances similar in gravity to those described in (1) through (4); and (6) an unusually long sentence. U.S.S.G. § 1B1.13(b). "Each of these circumstances is further defined in the Guidelines' policy statement. The policy statement definitions are binding on courts in this Circuit." *United States v. Harris*, Case No. 8:18-cr-483, 2024 WL 4932775, at *2 (M.D. Fla. Dec. 2, 2024) (citing *Bryant*, 996 F.3d at 1262).

## III.   DISCUSSION

### A. Reduced Sentence under 18 U.S.C. § 3582(c)(1)(A)

Before a defendant may seek compassionate release, he or she must exhaust their administrative remedies. The Government does not dispute Defendant has sufficiently exhausted his administrative remedies here. Although the Motion is procedurally sound, Defendant ultimately fails to articulate an extraordinary and compelling reason warranting a reduced sentence.

### i.   U.S.S.G. § 1B1.13(b)(1) - Medical Circumstances

Defendant first argues that he satisfies the threshold requirements to seek compassionate release because he "suffers from asthma and heart problems." ECF No. [124]. According to

Defendant, these conditions amount to "extraordinary and compelling reasons for medical release." *Id.*

The Government contends that a medical condition will only be considered extraordinary and compelling "if the medical condition (i) is a terminal illness or (ii) 'substantially diminishes the ability of the defendant to provide self-care within' prison." ECF No. [126] at 6. According to the Government, there is no evidence that Defendant's conditions satisfy either standard. Moreover, the Government argues that Defendant cannot establish a medical basis for compassionate release because he fails to include any records or details about the severity of his conditions or how those conditions have affected him in prison. *See id.* at 7.

The Court agrees that Defendant's medical conditions do not satisfy the threshold requirements for compassionate release. As the Eleventh Circuit has explained, a defendant will only be eligible for compassionate release based on a medical condition if the defendant shows that he has "a terminal illness or that the medical conditions substantially diminished his ability to provide self-care while in prison." *United States v. McCormick*, No. 21-12814, 2022 WL 2951976, at *3 (11th Cir. July 26, 2022) (citing U.S.S.G. § 1B1.13 cmt. n.1(A)); *see also United States v. Silva*, Case No: 8:17-cr-308, 2023 WL 4599312 at *3 (M.D. Fla. July 18, 2023) (same). A showing that an illness is chronic or serious alone is not enough to satisfy the extraordinary and compelling standard. *See United States v. Rodriguez-Orejuela*, 457 F. Supp. 3d 1275, 1283 (S.D. Fla. 2020). The Government correctly points out that Defendant has offered *no* evidence of his medical condition, nor does he offer any evidence that his condition is either terminal or caused such a diminishment in his capacity that he is unable to care for himself. Defendant's reliance on his bare assertion that he has asthma and a heart condition absent any other evidentiary support is insufficient to establish an extraordinary and compelling medical condition. *See United States v.*

*Merrill*, 847 F. App'x 675, 677 (11th Cir. 2021) (affirming that a bare assertion that defendant had asthma did not amount to extraordinary and compelling circumstances warranting compassionate release); *United States v. Peralta*, Case No. 16-cr-60341, 2021 WL 2400216, *5 (S.D. Fla. June 11, 2021) (denying motion for compassionate release based on defendant's asthma and obesity); *United States v Espana Solis*, Case No.: 8:19-cr-32, 2023 WL 4686203, at *3 (M.D. Fla. July 21, 2023) (finding threshold requirements for compassionate release not satisfied where defendant had a heart condition but there was insufficient evidence that it was terminal or so debilitating that defendant could not care for himself). As such, Defendant's purported medical conditions do not satisfy the threshold requirements for compassionate release.

### ii. U.S.S.G. § 1B1.13(b)(5) - Unusually Long Sentence Because Counts 1-8 Should Be Treated as the Same Offense

Defendant contends that if he were sentenced today, his sentence would be shorter given several recent intervening changes in the law.[1] See ECF No. [124] at 6. Defendant first argues that under *Wooden v. United States*, 595 U.S. 360, 142 S. Ct. 1063 (2022), Count One through Eight "all represent the same harm." ECF No. [124] at 2. According to Defendant, although the distributions alleged in each count took place on different dates, they did not necessarily occur on different occasions, but arguably all constitute one occasion. *See id.* at 2-3. Defendant claims that

---

[1] Defendant asserts arguments consistent with a theory that he is entitled to compassionate release because his sentence is unusually long given intervening changes in the law; however, Defendant relies primarily on U.S.S.G. § 1B1.13(b)(5) ("Other Reasons") instead of U.S.S.G. § 1B1.13(b)(6) (unusually long sentence) as his basis for compassionate release because a defendant must have "served at least 10 years of the term of imprisonment" to satisfy the threshold requirements of § 1B1.13(b)(6). Since Defendant was sentenced on April 27, 2018, he cannot satisfy the ten-year requirement necessary to bring a compassionate release claim pursuant to §1B1.13(b)(6). *See United States v. Curtis*, No. 24-11627, 2024 WL 4616105, at *5 (11th Cir. Oct. 30, 2024) (finding defendant ineligible under [§1B1.13(b)(6)] because he ha[d] not yet served ten years of his sentence"). To the extent that Defendant relies on § 1B1.13(b)(6) as a basis for compassionate release at any point in the instant Motion, that ground for compassionate release is foreclosed by the plain language of the sentencing guidelines.

because he did not have the benefit of the *Wooden* decision, he "did not consider or require the Government to prove the multiple factors now required to determine whether offenses were committed on different occasions." *Id.* at 4. Furthermore, Defendant argues that because *Wooden* was not on the books at the time of his sentencing, the Court did not "consider whether its different-occasions determination aligned with the Armed Career Criminal Act's history and purpose or the rule of lenity." *Id* at 8.

The Government responds that Defendant misapplies *Wooden*'s holding which concerned prior offenses under the Armed Career Criminal Act ("ACCA"). ECF No. [126] at 7. The Government maintains that "*Wooden* does not stand for the proposition that separate occasions of drug dealing should be charged as one continuous crime or harm." *Id.*

As a preliminary matter, Defendant is procedurally foreclosed from seeking compassionate release based on any changes of law. As the Eleventh Circuit explained in *United States v. Curtis*, a criminal defendant may not use the "other reasons" provision of U.S.S.G. § 1B1.13(b)(5) to argue that changes of law warrant his or her compassionate release. *See* 2024 WL 4616105, at *5 ("The Guidelines provide that [defendant's] arguments about changes of law are not proper considerations under U.S.S.G. § 1B1.13(b)(5)") (citing U.S.S.G. § 1B1.13(c) ("Except as provided in subsection (b)(6), a change in law . . . shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement.")). Additionally, since Defendant may not seek compassionate release pursuant to U.S.S.G. § 1B1.13(b)(6) because he has yet to serve at least ten years of his sentence, there is no legal avenue for Defendant to argue compassionate release based on purported intervening changes in the law. *See id.* However, even if Defendant's argument was not procedurally barred, it would still fail on the merits.

The Government is correct that the Supreme Court's decision in *Wooden* does not support Defendant's contention. In *Wooden*, the Court was considering a provision of the ACCA. Under the ACCA, there is 15-year mandatory minimum penalty "for 18 U.S.C. § 922(g) offenders with at least three prior convictions for specified felonies 'committed on occasions different from one another.'" *Wooden*, 595 U.S. at 1065, 1068 (citing 18 U.S.C. § 924(e)(1)). The *Wooden* Court addressed the "occasion clause" of § 924(e). The occasion clause applies only to a defendant's predicate offenses; it has no bearing on whether the charged offenses should be treated as one offense or separate individual offenses. Therefore, *Wooden* does not dictate whether Counts One through Eight of the Superseding Indictment should be treated as separate offenses or a singular offense. Consequently, the Court rejects Defendant's argument that *Wooden* constitutes a relevant intervening change in law that renders his sentence unusually long.

### iii.    U.S.S.G. § 1B1.13(b)(5) - Unusually Long Sentence Because Defendant is No Longer an Armed Career Criminal or Career Offender[2]

Defendant next contends that if he were sentenced today, he would not be considered an Armed Career Criminal under the ACCA. ECF No. [124] at 4-5. Defendant asserts that one of the bases for his armed career criminal status was his Florida conviction for aggravated assault with a deadly weapon. *Id.* Defendant argues his conviction cannot serve as the predicate offense for his status because, under *Borden v. United States*, 593 U.S. 420, 141 S. Ct. 1817 (2021), the crime does not constitute a "'crime of violence' [since] it was not intentional or deliberate conduct, nor [was it done] with specific intent." *Id.* at 5.[3] Furthermore, Defendant argues that his aggravated

---

[2] Defendant at times seems to refer to U.S.S.G. § 1B1.13(b)(6) (Unusually Long Sentence) as the sentencing guideline provision that entitles him to compassionate release regarding the intervening changes in law. *See* ECF No. [124] at 6. However, as noted above, Defendant cannot seek relief pursuant to § 1B1.13(b)(6) because he has not yet served 10 years of imprisonment. *See supra* note 1.

[3] Defendant conflates the sentencing enhancement for armed career criminals under the ACCA (18 U.S.C.

assault cannot serve as the predicate offense for his sentencing enhancement because Defendant never "served over a year in jail or prison for the offense." *Id.* Therefore, since his Florida aggravated assault conviction does not constitute a "crime of violence" and he did not serve more than a year in prison for the offense, Defendant maintains that if he were sentenced today, "he would not face [a] U.S.S.G. enhancement under 2k2.1(a)(2),[4] nor an armed career offender enhancement" *Id.*

Defendant also claims that he should not be classified as an "armed career criminal" based on his prior Florida drug conviction because the substance he was convicted of possessing, ioflupane, is no longer a controlled substance. *See* ECF No. [24] at 6. Furthermore, Defendant claims his state drug conviction cannot serve as a predicate offense to qualify him as an armed career criminal or a career offender because Defendant never served over a year and thirty days for the offense. *See id.*[5]

---

§ 924(e)) with the career offender enhancement under U.S.S.G. § 4B1.1 of the sentencing guidelines. Defendant argues that if he was sentenced today, he would not receive "armed career [criminal] status," which is a status created by the ACCA. *See* U.S.S.G. § 4B1.4 ("a defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal."). Additionally, the cases Defendant refers to support his argument, *Borden v. United States*, 593 U.S. 420 (2021) and *Somers v United States*, 15 F.4th 1049 (11th Cir. 2021), addressed whether certain crimes constitute a "violent felony" under the ACCA. However, Defendant argues the reason he is not an armed career criminal is because his aggravated assault conviction does not constitute a "crime of violence"—a definition which is applicable to the § 4B1.1(a) sentencing guideline enhancement for "career offenders," not armed career criminals under the ACCA. *See United States v. Walker*, Case No. 4:18-cr-00013, 2024 WL 2152463, at *5 (M.D. Ga. May 13, 2024) (distinguishing between the sentencing enhancement for an "armed career criminal" and a "career offender").

[4] U.S.S.G. § 2K2.1(a)(2) provides that a Defendant will receive a Base Offense Level of "24, if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense[.]"

[5] The Court assumes that Defendant is arguing that he would no longer qualify as either an armed career criminal or a career offender based on the following language in Defendant's Motion: "the fact that the Movant never served over a year and 30 days in a prison or jail for any of these offenses used to career and/or arm career the Movant." ECF No. [124] at 6. After considering this sentence in the context of the rest of the Motion, the Court construes that when Defendant says the Court "used to career and/or arm

The Government responds that Defendant's argument that his Florida aggravated assault is not a qualifying predicate offense for his sentencing enhancements is meritless. According to the Government under *Somers*, "aggravated assault under Florida law categorically qualifies as a 'violent felony' under the ACCA's element clause." ECF No. [126] at 7 (quoting *Somers v. United States*, 66 F. 4th 890, 894-96 (11th Cir. 2023)) (citing *Turner v. Warden Coleman FCI (Medium)*, 709 F.3ed 1328, 1341 (11th Cir. 2013)).[6]

The Government further contends Defendant's argument that his drug conviction no longer qualifies him as a career offender is similarly unavailing. *See id.* at 8. Although the United States removed ioflupane from the list of controlled substances in 2015, the Government points out that Defendant's conviction occurred in 2006, well before the change in ioflupane's status. *Id.* Therefore, under *United States v. Jackson*, 55 F.4th 846, 849-50 (11th Cir. 2022), Defendant's drug conviction remains valid. Accordingly, since "[D]efendant's aggravated assault and cocaine

---

career the Movant," he means that the Court incorrectly gave him career offender status pursuant to § 4B1.2(a)(2) of the sentencing guidelines and armed career criminal status pursuant to the ACCA, 18 U.S.C. § 924(e).

[6] While the Government argues that aggravated assault constitutes a violent felony under the ACCA, the Government does not address whether Defendant's aggravated assault constitutes a "crime of violence" as defined under § 4B1.2(a)(2) of the Sentencing Guidelines. While the violent felony analysis and crime of violence analysis involve the same analytical approach, *see United v. Whitson*, 597 F.3d. 1218, 1220 (11th Cir. 2010), the definitions are legally distinct. *See* U.S.S.G. § 4B1.4 cmt. 1 ("It is to be noted that the definitions of 'violent felony' and 'serious drug offense' in 18 U.S.C. § 924(e)(2) are not identical to the definitions of 'crime of violence' and 'controlled substance offense' used in § 4B1.1 (Career Offender)"). However, the Court excuses the Government's oversight because, based on the wording of Defendant's Motion, it would be reasonable to assume that Defendant was only arguing that his aggravated assault did not qualify as a predicate offense under the ACCA and that Defendant incorrectly used the term "crime of violence" rather than "violent felony" by mistake. Indeed, Defendant's argument heading states, "According to *Borden v. United States,* 141 S. Ct. 1817 (2021), Movant is not an *Armed Career Criminal*," which is the term to define someone subject to the sentencing enhancement under the ACCA. ECF No. [124] at 4. Additionally, Defendant appears to only cite to cases discussing violent felonies under the ACCA. The only portion of Defendant's brief that suggests he is arguing that he is not a career offender under U.S.S.G. § § 4B1.1.(a) are the two instances where Defendant uses the term "crime of violence." *See id.*

convictions still stand, [the Government maintains that] he remains an armed career criminal and his guideline range is unchanged." *Id.*

Defendant's arguments are foreclosed as he may not assert intervening changes of law as a basis for compassionate release at this juncture. *See surpa* Section ii at 8 (explaining Defendant may not argue changes in intervening law under U.S.S.G. § 1B1.13(b)(5) or (6)). Regardless, even turning to the merits, the Court finds that Defendant would still be an armed career criminal under the ACCA and a career offender under U.S.S.G. § 4B1.1(a). Accordingly, as will be explained below, Defendant would be subject to the same enhancements, and there would be no significant sentencing disparity if Defendant was resentenced today under the current sentencing laws.

### a.   Armed Career Criminal Status Under the ACCA (18 U.S.C. § 924(e))

As noted above, "[t]he ACCA imposes a 15-year minimum sentence on a defendant who is convicted of possession of a firearm by a convicted felon and has three prior convictions for a 'violation felony' or 'serious drug offense.'" *United States v. Dawkins*, 773 F. App'x 543, 545 (11th Cir. 2019) (citing 18 U.S.C. § 924(e)(1)). At Defendant's sentencing, the Court found that Defendant's prior robbery offense and aggravated battery offense were violent felonies, and his prior drug offense was a serious drug offense. ECF No. [96]. Since Defendant was sentenced, the Eleventh Circuit has conclusively determined that his robbery was a violent felony. *Dawkins*, 773 F. App'x at 545. Therefore, Defendant only challenges whether the remaining two offenses qualify as a violent felony and a serious drug offense under § 924(e). The Court first addresses whether Defendant's conviction for aggravated assault with a deadly weapon qualifies as a crime of violence.

As the Government correctly points out in its opposition brief, *Somers v. United States* forecloses any argument that Defendant's aggravated assault does not qualify as a violent felony

under the ACCA. In *Somers*, the Eleventh Circuit specifically found that since "aggravated assault under Florida law requires a *mens rea* of at least knowing conduct [ ] it qualifies as an ACCA predicate offense under *Borden v. United States*, 593 U.S. 420 (2021)." *Somers*, 66 F.4th at 892. Defendant argues that his particular conviction, nevertheless, does not qualify because "it was not intentional or deliberate conduct, nor with specific intent." However, by being convicted of aggravated assault with a deadly weapon, the Government necessarily established his conduct was deliberate and done with specific intent. *See Somers*, 66 F.4th at 894 (finding that the aggravated assault under Florida law requires an intentional act); *see also Somers v. United States*, 355 So. 3d 887, 892-93 (Fla. 2022) (holding that the Florida aggravated assault statute demands specific intent to direct a threat). Therefore, Defendant's argument is without merit.

Defendant's contention that his aggravated assault conviction does not qualify as a predicate offense because he was not incarcerated for more than a year is also unpersuasive. The relevant statutory language does not require that the Defendant be incarcerated for more than a year based on the predicate offense. *See* 18 U.S.C. § 924. All that is required is that the Defendant be convicted of a crime that carries a potential term of imprisonment of more than a year, i.e., a felony. *See* 18 U.S.C. § 924(e)(2)(B) ("the term "violent felony" means any crime *punishable* by imprisonment for a term exceeding one year[.]") (emphasis added). Aggravated assault carries a potential term of imprisonment of more than a year, and therefore, the offense qualifies. *See* Fl. St. § 784.021; Fl. St. 775.082 (listing possible punishments for aggravated assault). It is therefore irrelevant to the ACCA analysis how long Defendant was incarcerated for the aggravated assault since he *could have* been sentenced to a term of imprisonment of more than a year for the offense.

The Court now turns to Defendant's argument that his predicate state drug conviction for possession of cocaine with intent to sell no longer qualifies as a serious drug offense under the

ACCA. The ACCA defines the term "serious drug offense as:

    (i)    an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46 for which a maximum term of imprisonment of ten years or more is prescribed by law; or

    (ii)    an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law;

18 U.S.C. §924(e)(2)(A)

Defendant's argument is based on the fact that ioflupane, the specific substance he was convicted for possessing, is no longer a controlled substance under either federal law or state law. Therefore, possession of ioflupane no longer qualifies as a crime, let alone a serious drug offense today as it does not satisfy the controlled substance element for a serious drug offense under 18 U.S.C. § 924(e). Defendant, therefore, contends that if he was sentenced today, the Court would not be able to treat him as an Armed Career Criminal under the ACCA because his prior Florida drug conviction would not qualify as one of the three predicate offenses. However, Defendant would be subject to the same statutory enhancement even if he was resentenced today. As explained in *United States v. Jackson*, 55 F.4th 846, 849 (11th Cir. 2022),[7] the "ACCA's 'serious drug offense' definition incorporates the version of the controlled-substances list in effect when the defendant was convicted of his prior state drug offense."[8] Therefore, at sentencing, the Court

---

[7] While Defendant cites to *United States v. Jackson*, 36 F.4th 1294 (11th Cir. 2022), that decision was vacated, *see United States v. Jackson*, No. 21-13963, 2022 WL 4959314, at *1 (11th Cir. Sept. 2022), and ultimately superseded by *United States v. Jackson*, 55 F.4th 846 (11th Cir. 2022).

[8] The Court notes that the Eleventh Circuit in *Jackson* specifically addressed whether the change in law exempting ioflupane in 2015 had any effect on whether a conviction for possession of ioflupane prior to the change still could constitute a predicate serious drug offenses under the ACCA. *See Jackson*, 55 F.4th at 850-51.

is not to consider what the current version of the Control Substance Act ("CSA") lists as a controlled substance or even what the CSA listed as a controlled substance at the time of the federal offense. All that is relevant for the purposes of the § 924(e) enhancement is whether the substance was listed as a controlled substance under the CSA at the time the defendant was convicted of the predicate state drug offense. *See id.*

Here, Defendant does not dispute that ioflupane was listed as a controlled substance under the CSA when he was convicted of the drug offense in 2006. *See* ECF No. [124] at 6; ECF No. [126] at 8. Therefore, because the Court must use the controlled substance list in effect at the time of Defendant's state court conviction, Defendant's predicate offense would still qualify as a serious drug offense even if Defendant was resentenced today.[9]  Accordingly, because each of Defendant's predicate offenses still qualify as either a violent felony or a serious drug offense, Defendant is still an armed career criminal. Therefore, Defendant would still be subject to the 15-year mandatory minimum if he was resentenced today. As such, Defendant fails to establish that he is suffering an unusually long sentence in light of an intervening change in law.

### b. Career Offender Status Under U.S.S.G. §4B1.1.

Defendant's argument that he does not qualify as a career offender under the Federal Sentencing Guidelines also fails. "A defendant is subject to the career offender enhancement [under U.S.S.G. § 4B1.1,] if, among other things, he has at least two prior felony convictions for

---

[9] Defendant also argues that his Florida drug conviction does not qualify as a predicate offense under the ACCA because he did not serve "over a year and thirty days" for the offense. ECF No. [124] at 6. However, to qualify as a predicate serious drug offense under the ACCA, the crime has to be punishable by up to at least 10 years in prison. *See* 18 U.S.C. § 924(e) (stating that the qualifying offense must have "a maximum term of imprisonment of ten years or more."). It does not matter how long a defendant actually served for the purposes of determining whether the sentencing enhancement applies under § 924(e).

a "crime of violence" or controlled substance offense.[10] *United States v. Dawkins*, 773 F. App'x

543, 545 (11th Cir. 2019) (citing U.S.S.G. § 4B1.1); *see United States v. Hill*, 652 F. App'x 835,

836 (11th Cir. 2016). A prior felony[11] conviction will constitute a "crime of violence" if the

offense:

> (1) has an element the use, attempted use, or threatened use of physical force against the person of another; or

> (2) is murder, voluntary manslaughter, kidnapping aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use of unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

The Eleventh Circuit has conclusively determined that Defendant's Florida conviction for

robbery is a "crime of violence." *See Dawkins*, 773 F. App'x at 545. Therefore, Defendant does

not challenge that his state conviction for robbery qualifies as a crime of violence. Instead, he

contends that his second predicate offense, aggravated assault with a deadly weapon, does not

qualify as a "crime of violence." ECF No. [124] at 5. However, Defendant's argument is foreclosed

by the plain language of § 4B1.2(a)(2) which specifically lists "aggravated assault" as one of the

---

[10] "(a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."

U.S.S.G. § 4B1.1(a).

[11] While the Court colloquially uses the term "felony," the Sentencing Guidelines specifically provide that the predicate offense must be one that is "punishable by imprisonment for a term exceeding one year." U.S.S.G. § 4B1.2. *See Moncrieffe v. Holder*, 569 U.S. 184, 212 (2013) ("The federal definition of a felony is a crime punishable by imprisonment for more than one year."). To be clear, however, a defendant does not have to serve a sentence of more than a year, the defendant just must be convicted of a crime that carries a potential punishment of incarceration of more than a year. *See United States v. Willis*, Case No. 12-cr-80118, 2024 WL 4502299, at *8 (S.D. Fla. Oct. 16, 2024) (finding that it did not matter that defendant only served 11 months of incarceration when determining if the defendant was subject to the career offender enhancement "[b]ecause the Sentencing Guidelines ask whether Defendant's previous offenses of conviction were 'punishable by imprisonment for a term exceeding one year[,]'"); *Alvardo v. United States*, Crim Case No. 8:10–CR–348, 2013 WL 3974713, at *3-4 (M.D. Fla. Aug. 1, 2013).

enumerated "crimes of violence." Accordingly, since Defendant's state robbery conviction and aggravated assault conviction remain valid crimes of violence,[12] Defendant would still be considered a career offender and therefore still subject to the same sentencing guideline enhancement today since the career offender guideline, § 4B1.1, requires a defendant commit two crimes of violence.[13] Consequently, Defendant's argument that he is serving an unusually long sentence based on intervening changes under the sentencing guidelines is equally unpersuasive.

### iv.    U.S.S.G. § 1B1.13(b)(5) - Other Reasons: Unusually Long Sentence Under 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924

Defendant asserts that if he had been sentenced today, he would not have been responsible for a Title 18 U.S.C. § 922(g)(1) [violation] nor the enhance[ment under] § 924(3)" in light of the Eleventh Circuit's decision in *United States v. Seabrooks*, 32 F. 4th 1375 (11th Cir. 2022). ECF No. [124] at 7. According to Defendant, the Government did not establish the *mens rea* element of his felon in possession offense because Defendant claims he "never knew he could not possess a firearm…and d[id] not know the law or elements of § 922(g)(1) or § 924(e)." ECF No. [124] at 7.

The Government responds that Defendant's felon in possession argument can quickly be disposed of because the issue was already addressed on appeal and in the Court's ruling on Defendant's § 2255 motion. *See* ECF No. [126] at 8. Accordingly, because Defendant's argument

---

[12] Defendant's Florida convictions for robbery and aggravated assault are indeed "crimes of violence" and also foreclose Defendant's argument that because he did not commit two predicate crimes of violence, U.S.S.G. § 2K2.1(a)(2) imposes an unusually long sentence. The definition for "crime of violence" is the same when applied under U.S.S.G. § 2K2.1 as it is when applied under U.S.S.G. § 4B1.1(a). Therefore, Defendant remains subject to both guidelines.

[13] *See* U.S.S.G. § 4B1.1(a) ("the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.").

has already been rejected twice, the Court should find the argument deficient here as well.

Defendant's final ground for compassionate release is also without merit. First and foremost, Defendant is procedurally barred from making this argument in a motion for compassionate release. *See supra* Section ii at 8. Moreover, not only is this an improper procedural posture to raise such a challenge to a conviction, but the Court also specifically addressed Defendant's arguments in its Order on Defendant's § 2255 Motion. *See* ECF No. [121]. In its Order, the Court explained that Defendant was barred from arguing the Government failed to establish the *mens rea* elements of the § 922 felon in possession charge because Defendant defaulted on the argument by not raising the issue at trial or on direct appeal. *See id.* at 5. Defendant contends that the Eleventh Circuit's decision in *Seabrooks v. United States*, 32 F.4th 1375 (11th Cir. 2022) renders the Court's conclusion erroneous because, in *Seabrooks*, the Eleventh Circuit found that the Supreme Court's decision in *Rehaif v. United States*, 588 U.S. 225 (2019) announced a new rule of substantive law that applies retroactively to initial § 2255 motions. *See* ECF No. [124] at 7. However, regardless of whether *Seabrooks* rendered the Court's procedural default conclusion in error, the Court concluded in its prior Order there was sufficient evidence in the record to show that Defendant had knowledge he belonged to a class of persons prohibited from possessing a firearm. ECF No. [121] at 7. The Court pointed out that Defendant stipulated that he was a convicted felon and "although Movant never 'actually [went] to state prison,…he [] spent four years in Palm Beach County Jail.'" *Id.* at 7. Given those earlier findings, Defendant would not face a different outcome were his case to be retried today. As such, the Defendant's sentence would be the same, and therefore, Defendant's final argument does not constitute sufficient grounds warranting compassionate release.

### IV.    Conclusion

Defendant has failed to meet the threshold requirements under § 3582(c)(1)(A) as he has not established extraordinary or compelling circumstances warranting relief. Consequently, the Court need not consider whether the § 3553(a) factors of the Sentencing Commission's applicable policy statement support compassionate release. *See United States v. Giron*, 15 F. 4th 1343, 1347 (11th Cir. 2021) ("[A] district court need not analyze the § 3553(a) factors if it finds either that no extraordinary and compelling reason exists or that the defendant is a danger to the public.").

Accordingly, it is **ORDERED AND ADJUDGED** that:

1.    Defendant Willie Justin Dawkins' Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A), **ECF No. [124]**, is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 24, 2024.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record

Willie Justin Dawkins
16254-104
Coleman Medium
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 1032
Coleman, FL 33521
PRO SE